**CT Corporation**

**Service of Process Transmittal**
01/19/2011
CT Log Number 517899317

TO: Ryan Check, Associate General Counsel
Virtual Radiologic Corporation (5067-476174-5)
11995 Singletree Lane, Suite 500
Eden Prairie, MN 55344

RE: **Process Served in Louisiana**

FOR: Virtual Radiologic Professionals, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | James Taylor and Karen Chapman, individually and o/b/o the estate of Joshua Taylor, Pltfs./Petitioners vs. Edward W. Wong, M.D., et al. including Virtual Radiologic Professionals, P.L.C., L.L.C., Dfts. Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Citation, First Supplemental and Amended Petition, Petition |
| **COURT/AGENCY:** | 4th Judicial District Court, Parish of Ouachita, LA Case # 10-4414 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - Alleging improper interpretation of a CT scan caused Mr. Taylor's death |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Baton Rouge, LA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 01/19/2011 at 08:30 |
| **APPEARANCE OR ANSWER DUE:** | Within 15 days after you have received the document(s) |
| **ATTORNEY(S) / SENDER(S):** | Brian A. Gilbert 2030 St. Charles Avenue New Orleans, LA 70130 504-598-1000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 01/19/2011, Expected Purge Date: 01/24/2011 Image SOP Email Notification, Kelli Rester Kelli_Rester@AJG.com Email Notification, Denise Greene denise_greene@ajg.com Email Notification, Ryan Check ryan.check@vrad.com Email Notification, Mary Garlie mary.garlie@vrad.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Lisa Uttech |
| **ADDRESS:** | 5615 Corporate Blvd Suite 400B Baton Rouge, LA 70808 |
| **TELEPHONE:** | 225-922-4490 |

Page 1 of 1 / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# CITATION

D1779115
KS

| | |
|---|---|
| JAMES TAYLOR, ET AL | **DOCKET NUMBER: C-20104414**<br>SEC: C2 |
| VS | STATE OF LOUISIANA<br>PARISH OF OUACHITA |
| EDWARD W WONG MD, ET AL | FOURTH JUDICIAL DISTRICT COURT |

**EAST BATON ROUGE PARISH**

TO:
VIRTUAL RADIOLOGIC, PROFESSIONALS, P.L.C. LLC
**REGISTERED AGENT: CT CORPORATION SYSTEM**
5615 CORPORATE BLVD, STE 400B
BATON ROUGE, LA 70808

YOU HAVE BEEN SUED.
Attached to this Citation is a certified copy of the Petition. The petition tells you what you are being sued for.

You must EITHER do what the petition asks, OR, within **FIFTEEN (15) days** after you have received these documents, you must file an answer or other legal pleadings in the Office of the Clerk of this Court at the Ouachita Parish Court House, 301 South Grand, Monroe, Louisiana.

If you do not do what the petition asks, or if you do not file an answer or legal pleading within **FIFTEEN (15) days**, a judgment may be entered against you without further notice.

This Citation was issued by the Clerk of Court for Ouachita Parish, on this 13TH DAY OF JANUARY, 2011.

W.J. (BILL) HODGE, CLERK OF COURT

Also attached are the following:
FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES, ORIGINAL PETITION FOR DAMAGES

**KATHY STEWART**
By:_____
Deputy Clerk

FILED BY: BRIAN A. GILBERT #21297

_____ ORIGINAL

___✓ SERVICE COPY

_____ FILE COPY

CERTIFIED TRUE COPY
JAN 13 2011
DEPUTY CLERK
4TH JUDICIAL DISTRICT COURT
OUACHITA PARISH, LA

4th JUDICIAL DISTRICT COURT FOR THE PARISH OF OUACHITA

STATE OF LOUISIANA

NO.: 10-4414  SECTION C2

JAMES TAYLOR AND KAREN CHAPMAN, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF JOSHUA TAYLOR

Versus

EDWARD W. WONG, M.D.

FILED: __JAN 1 3 2011__  DEPUTY CLERK: __GWEN STANSELL__

### FIRST SUPPLEMENTAL AND AMENDED PETITION FOR DAMAGES

NOW INTO COURT, COMES JAMES TAYLOR AND KAREN CHAPMAN, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF JOSHUA TAYLOR, by and through undersigned counsel, who hereby amends and supplements their Original Petition for Damages as follows:

I.

Made defendants herein are:

1. Dr. Edward Wong, M.D., a person of full age of majority and a resident of the State of Minnesota and who may be served at 5995 Opus Parkway, Minneapolis, MN 55343, upon information and belief, not a qualified provider within the meaning of the Louisiana Medical Malpractice Act.

2. Virtual Radiologic Professionals, P.L.C., L.L.C., a Minnesota limited liability corporation licensed to do and doing business in the State of Louisiana, having its principal place of business in the State of Minnesota, and who may be served through its registered agent for service of process, CT Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, Louisiana, 70808, upon information and belief, not a qualified provider within the meaning of the Louisiana Medical Malpractice Act.

3. Virtual Radiologic Corporation, a Delaware corporation licensed to do and doing business in the State of Louisiana, having its principal place of business in the State of Minnesota, and who may be served through its registered agent for service of process, CT Corporation System, 5615 Corporate Blvd., Ste. 400B,

1

Baton Rouge, Louisiana, 70808, upon information and belief, not a qualified provider within the meaning of the Louisiana Medical Malpractice Act.

II.

Plaintiffs James Taylor and Karen Chapman, appearing individually and on behalf of the Estate of Joshua Taylor, are residents of the Parish of Franklin and each has attained the full age of majority.

III.

At all times material hereto, defendants, Dr. Edward Wong, M.D. (hereinafter "Dr. Wong") and Virtual Radiologic Professionals, P.L.C., L.L.C. and/or Virtual Radiologic Corporation (hereinafter "Virtual Radiologic") held themselves out to the Plaintiffs, and to the public at large, to be skilled and well qualified, possessing a high degree of knowledge in the field of medical radiology.

IV.

On or about March 17, 2009, Dr. Wong, who is upon information and belief an employee and/or owner of Virtual Radiologic, was electronically forwarded CT scan images depicting the head and brain of Joshua Taylor, an eighteen year old male, now deceased, who on said date was a patient at St. Francis Medical Center in Monroe, Louisiana. Upon information and belief, the CT scan images were electronically forwarded to Defendants' offices in the State of Minnesota pursuant to a contractual agreement between Defendants and St. Francis Medical Center.

V.

The CT scan images were taken in conjunction with Joshua Taylor's admission to the emergency room at St. Francis Medical Center on or about March 16, 2009. The scan was ordered due to his complaints of confusion, altered mental state, hallucinations, eye pain and severe headache lasting approximately three days.

VI.

At all pertinent times, Dr. Wong was not physically present at St. Francis Medical Center in the State of Louisiana, but instead, upon information and belief, Dr. Wong was situated in the State of Minnesota, and was therefore unable to physically examine Joshua Taylor.

VII.

Dr. Wong electronically interpreted the results of the CT scan images and electronically documented his interpretation of same within a "Preliminary Radiology Report" dated March 17,

2

2009 which was dictated, transcribed and authenticated at 2:33 a.m. The report indicated that Dr. Wong had contemporaneously discussed the results with St. Francis Medical Center emergency room physician Dr. Randy Davis.

## VIII.

Dr. Wong's electronic report and/or verbal and/or electronic communications with Dr. Davis failed to relate the presence of a non-displaced fracture of the midline of the posterior cranial fossa in Joshua Taylor's skull.

## IX.

Dr. Wong interpreted the CT scan images erroneously, negligently, and in direct violation of the standards of care applicable under the circumstances. Further, Dr. Wong negligently failed to advise Dr. Davis of the skull fracture in direct violation of the standards of care applicable under the circumstances.

## X.

As a direct result of Dr. Wong's negligence, treating physicians at St. Francis Medical Center were erroneously led to believe that no skull fracture was present, and trauma was consequently ruled-out by said physicians as a potential cause of Joshua Taylor's other injuries, namely, a bilateral frontal lobe hemorrhagic contusion with multiple edema.

## XI.

Treating physicians at St. Francis Medical Center were misled by Dr. Wong's erroneous interpretation of the CT scan images, and erroneously began treatment for Hemorrhagic Herpes encephalitis.

## XII.

The St. Francis Medical Center physicians' treatment included high dose anti-viral medication and a spinal tap to obtain cerebrospinal fluid from the lumbar region of Joshua Taylor's spine.

## XIII.

The spinal tap reduced Joshua's spinal pressure allowing his swollen brain to begin to push its way through the structures within the skull causing herniation. The herniation led to posterior cerebral infarction.

3

XIV.

Following the herniation, a subsequent carotid angiogram confirmed that there was no blood flow by way of carotid arteries to the majority of brain tissue. The absence of blood caused damage to Joshua Taylor's brain and eventual brain death.

XV.

On March 21, 2009, Joshua Taylor died as a result of his injuries.

XVI.

Defendants' negligence caused or contributed to Joshua Taylor's death.

XVII.

The lack of proper interpretation of the CT scan by Defendants resulted in a misdiagnosis, which led to errors in the course of Joshua Taylor's treatment and his eventual death. Defendants are liable to Plaintiffs in the following non-exclusive particulars:

A. The conduct displayed by Defendants was below the standard considered appropriate for the specialty held by the Defendants Dr. Wong and Virtual Radiologic under the particular circumstances of this case;

B. The substandard care resulted in the harm suffered by Plaintiffs;

C. Defendants failed to use reasonable care and diligence along with their best judgment in treating Joshua Taylor;

D. Joshua Taylor's death was proximately caused by this lack of reasonable care and diligence; failure to examine the patient; failure to clinically correlate findings; failure to follow-up; electronic medicine; any and all other negligent conduct in violation of applicable standards of care.

XVIII.

Virtual Radiologic at all material times herein exercised control over the actions of Dr. Wong such that it is vicariously liable for his negligent acts and/or omissions.

XIX.

As a direct result of the negligence and/or fault of the Defendants, Plaintiffs sustained the following damages including, but not necessarily limited to the following:

a) Past and Future Medical Expense;

b) Mental Anguish and Emotional Distress;

c) Survival Damages;

4

d) Damages for Wrongful Death;

e) Pre-Death Physical Pain and Suffering;

f) Disfigurement;

g) Past and Future Wage Loss and Loss of Earning Capacity;

h) Lost Chance of Survival;

i) Loss of Society and Affection;

j) Past and Future Funeral and Burial Expense;

k) and all others proven at trial.

WHEREFORE, Petitioners JAMES TAYLOR AND KAREN CHAPMAN, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF JOSHUA TAYLOR pray that Defendants, Dr. Edward Wong, Virtual Radiologic Professionals, P.L.C., L.L.C., and Virtual Radiologic Corporation be served and cited to answer, and after all due delays and legal proceedings are had, there be judgment herein in favor of your Petitioners, and against your Defendants. Petitioners plead for a reasonable monetary amount, together with legal interest from date of judicial demand until paid and for all costs of these proceedings, and for all other general and equitable relief.

Respectfully submitted,

PETER S. KOEPKEL - (#1465)
LAURENCE E. BEST - (#3012)
CHET D. TRAYLOR - (#12900)
BRIAN A. GILBERT - (#21297)
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024
**ATTORNEYS FOR PLAINTIFFS**

**PLEASE SERVE:**

Virtual Radiologic Professionals, P.L.C., L.L.C. and
Virtual Radiologic Corporation
Through their registered agent for service of process,
**CT Corporation System**
**5615 Corporate Blvd., Ste. 400B**
**Baton Rouge, Louisiana, 70808**

SERVICE VIA LOUISIANA LONG-ARM STATUTE:
Dr. Edward Wong, M.D.
5995 Opus Parkway
Minneapolis, MN 55343

5

4th JUDICIAL DISTRICT COURT FOR THE PARISH OF OUACHITA

STATE OF LOUISIANA

NO.: __10-4414__  DIVISION: "__"

JAMES TAYLOR AND KAREN CHAPMAN, INDIVIDUALLY, AND ON BEHALF OF
THE ESTATE OF JOSHUA TAYLOR

Versus

EDWARD W. WONG, M.D.

FILED: _December 28, 2010_   DEPUTY CLERK: _____

## ORIGINAL PETITION FOR DAMAGES

NOW INTO COURT, COMES JAMES TAYLOR AND KAREN CHAPMAN, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF JOSHUA TAYLOR, by and through undersigned counsel, who with respect represents:

I.

Made defendants herein are:

1. Dr. Edward Wong, M.D., a person of full age of majority and a resident of the State of Minnesota and who may be served at 5995 Opus Parkway, Minneapolis, MN 55343, upon information and belief, not a qualified provider within the meaning of the Louisiana Medical Malpractice Act.

2. Virtual Radiologic, P.L.C., L.L.C., a Minnesota limited liability corporation licensed to do and doing business in the State of Louisiana, who may be served through its registered agent for service of process, CT Corporation System, 5615 Corporate Blvd., Ste. 400B, Baton Rouge, Louisiana, 70808, upon information and belief, not a qualified provider within the meaning of the Louisiana Medical Malpractice Act.

II.

Plaintiffs James Taylor and Karen Chapman, appearing individually and on behalf of the Estate of Joshua Taylor, are residents of the Parish of Franklin and each has attained the full age of majority.

III.

At all times material hereto, defendants, Dr. Edward Wong, M.D. (hereinafter "Dr. Wong") and Virtual Radiologic, P.L.C., L.L.C. (hereinafter "Virtual Radiologic") held

CASE ASSIGNED TO:
CV. SECT. 2

1

themselves out to the Plaintiffs, and to the public at large, to be skilled and well qualified, possessing a high degree of knowledge in the field of medical radiology.

IV.

On or about March 17, 2009, Dr. Wong, who is upon information and belief an employee and/or owner of Virtual Radiologic, was electronically forwarded CT scan images depicting the head and brain of Joshua Taylor, an eighteen year old male, now deceased, who on said date was a patient at St. Francis Medical Center in Monroe, Louisiana. Upon information and belief, the CT scan images were electronically forwarded to Defendants' offices in the State of Minnesota pursuant to a contractual agreement between Defendants and St. Francis Medical Center.

V.

The CT scan images were taken in conjunction with Joshua Taylor's admission to the emergency room at St. Francis Medical Center on or about March 16, 2009. The scan was ordered due to his complaints of confusion, altered mental state, hallucinations, eye pain and severe headache lasting approximately three days.

VI.

At all pertinent times, Dr. Wong was not physically present at St. Francis Medical Center in the State of Louisiana, but instead, upon information and belief, Dr. Wong was situated in the State of Minnesota, and was therefore unable to physically examine Joshua Taylor.

VII.

Dr. Wong electronically interpreted the results of the CT scan images and electronically documented his interpretation of same within a "Preliminary Radiology Report" dated March 17, 2009 which was dictated, transcribed and authenticated at 2:33 a.m. The report indicated that Dr. Wong had contemporaneously discussed the results with St. Francis Medical Center emergency room physician Dr. Randy Davis.

VIII.

Dr. Wong's electronic report and/or verbal and/or electronic communications with Dr. Davis failed to relate the presence of a non-displaced fracture of the midline of the posterior cranial fossa in Joshua Taylor's skull.

IX.

Dr. Wong interpreted the CT scan images erroneously, negligently, and in direct violation of the standards of care applicable under the circumstances. Further, Dr. Wong negligently

2

failed to advise Dr. Davis of the skull fracture in direct violation of the standards of care applicable under the circumstances.

X.

As a direct result of Dr. Wong's negligence, treating physicians at St. Francis Medical Center were erroneously led to believe that no skull fracture was present, and trauma was consequently ruled-out by said physicians as a potential cause of Joshua Taylor's other injuries, namely, a bilateral frontal lobe hemorrhagic contusion with multiple edema.

XI.

Treating physicians at St. Francis Medical Center were misled by Dr. Wong's erroneous interpretation of the CT scan images, and erroneously began treatment for Hemorrhagic Herpes encephalitis.

XII.

The St. Francis Medical Center physicians' treatment included high dose anti-viral medication and a spinal tap to obtain cerebrospinal fluid from the lumbar region of Joshua Taylor's spine.

XIII.

The spinal tap reduced Joshua's spinal pressure allowing his swollen brain to begin to push its way through the structures within the skull causing herniation. The herniation led to posterior cerebral infarction.

XIV.

Following the herniation, a subsequent carotid angiogram confirmed that there was no blood flow by way of carotid arteries to the majority of brain tissue. The absence of blood caused damage to Joshua Taylor's brain and eventual brain death.

XV.

On March 21, 2009, Joshua Taylor died as a result of his injuries.

XVI.

Defendants' negligence caused or contributed to Joshua Taylor's death.

XVII.

The lack of proper interpretation of the CT scan by Defendants resulted in a misdiagnosis, which led to errors in the course of Joshua Taylor's treatment and his eventual death. Defendants are liable to Plaintiffs in the following non-exclusive particulars:

3

A. The conduct displayed by Defendants was below the standard considered appropriate for the specialty held by the Defendants Dr. Wong and Virtual Radiologic under the particular circumstances of this case;

B. The substandard care resulted in the harm suffered by Plaintiffs;

C. Defendants failed to use reasonable care and diligence along with their best judgment in treating Joshua Taylor;

D. Joshua Taylor's death was proximately caused by this lack of reasonable care and diligence; failure to examine the patient; failure to clinically correlate findings; failure to follow-up; electronic medicine; any and all other negligent conduct in violation of applicable standards of care.

XVIII.

Virtual Radiologic at all material times herein exercised control over the actions of Dr. Wong such that it is vicariously liable for his negligent acts and/or omissions.

XIX.

As a direct result of the negligence and/or fault of the Defendants, Plaintiffs sustained the following damages including, but not necessarily limited to the following:

a) Past and Future Medical Expense;

b) Mental Anguish and Emotional Distress;

c) Survival Damages;

d) Damages for Wrongful Death;

e) Pre-Death Physical Pain and Suffering;

f) Disfigurement;

g) Past and Future Wage Loss and Loss of Earning Capacity;

h) Lost Chance of Survival;

i) Loss of Society and Affection;

j) Past and Future Funeral and Burial Expense;

k) and all others proven at trial.

WHEREFORE, Petitioners JAMES TAYLOR AND KAREN CHAPMAN, INDIVIDUALLY, AND ON BEHALF OF THE ESTATE OF JOSHUA TAYLOR pray that Defendants, Dr. Edward Wong and Virtual Radiologic, P.L.C., L.L.C. be served and cited to

4

answer, and after all due delays and legal proceedings are had, there be judgment herein in favor of your Petitioners, and against your Defendants. Petitioners plead for a reasonable monetary amount, together with legal interest from date of judicial demand until paid and for all costs of these proceedings, and for all other general and equitable relief.

Respectfully submitted,

PETER S. KOEPPEL - (#1465)
LAURENCE E. BEST - (#3012)
CHET D. TRAYLOR - (#12900)
BRIAN A. GILBERT - (#21297)
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024
**ATTORNEYS FOR PLAINTIFFS**

**PLEASE SERVE:**

Virtual Radiologic, P.L.C., L.L.C.
through its registered agent for service of process,
**CT Corporation System**
**5615 Corporate Blvd., Ste. 400B**
**Baton Rouge, Louisiana, 70808**

SERVICE VIA LOUISIANA LONG-ARM STATUTE:
Dr. Edward Wong, M.D.
5995 Opus Parkway
Minneapolis, MN 55343

CERTIFIED TRUE COPY
JAN 13 2011
DEPUTY CLERK
4TH JUDICIAL DISTRICT COURT
OUACHITA PARISH, LA

5